**WEI KANG CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–5800–ag.

United States Court of Appeals,
Second Circuit.

Aug. 10, 2006.

William P. Joyce, Boston, MA, for Petitioner.

Paul I. Perez, United States Attorney; Tamra Phipps; Karin B. Hoppmann, Assistant United States Attorneys, Tampa, FL, for Respondent.

PRESENT: RALPH K. WINTER, CHESTER J. STRAUB and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Wei Kang Chen, through counsel, petitions for review of the September 2005 BIA order affirming Immigration Judge ("IJ") Joanna Miller Bukzspan's decision denying his third motion to reopen deportation proceedings. In November 1996, the IJ had denied Chen's initial motion to reopen after he had been ordered deported *in absentia* in November 1995. We assume the parties' familiarity with the underlying facts and procedural history.

We are without jurisdiction to review the merits of the underlying deportation proceeding as Chen did not file a timely petition for review of that decision. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam) ("It is well established that the filing of a motion to reopen does not toll the time for filing a petition for review of the BIA's exclusion or deportation orders."). Our review is, therefore, limited to whether the BIA exceeded its allowable discretion by dismissing Chen's appeal of the IJ's denial of his third motion to reopen. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in dismissing Chen's appeal. Chen's contention that the IJ erroneously denied his third motion to reopen due to numerical limitations fails because that motion was barred under 8 C.F.R. 1003.2(c)(2) ("A party may file only one motion to reopen deportation or exclusion proceedings . . . .").

To the extent that the BIA chose not to exercise its discretion to reopen proceedings *sua sponte,* review of that decision is beyond the Court's jurisdiction. *See Ali v. Gonzales,* 448 F.3d 515 (2d Cir.2006) (holding that we lack jurisdiction to review a decision of the BIA as to whether to reopen an alien's immigration proceedings

*sua sponte* under 8 C.F.R. § 1003.2(a)). Lastly, because Chen fails to raise his claim for cancellation of removal in his petition, any challenge to the BIA's resolution of this issue is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005) (emphasizing that, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal").

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.